UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA NICOLE BRADFORD,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL PALLARES,<br><br>Respondent. | No. 2:21-cv-1093-CKD P<br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding through appointed counsel[1] with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 23, 2025, petitioner filed a motion for a stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005) and King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). (ECF No. 28.) On August 5, 2025, respondent filed a statement of non-opposition to the motion. (ECF No. 29.) Based on the agreement of the parties and for good cause shown, the court will vacate the hearing set for August 27, 2025, and grant the motion to stay this proceeding for the purpose of exhausting the claims petitioner has already raised and is currently pursuing in state court. In so doing, the court expresses no opinion on the

---

[1] On September 18, 2024, the court appointed Carl Fabian as limited purpose counsel for the purpose of locating and obtaining records. (ECF No. 22.) Limited purpose counsel has completed this task and petitioner now proceeds through appointed counsel. Accordingly, the Clerk of the Court will be directed to terminate Carl Fabian as counsel of record.

1

timeliness of the habeas corpus petition. The court will also deny as moot and without prejudice respondent's motion to dismiss the petition on the ground that it contains unexhausted claims. (ECF No. 14.)

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Clerk of the Court is directed to terminate limited purpose counsel Carl Fabian as counsel of record.
2. The court VACATES the hearing set for August 27, 2025.
3. Petitioner's unopposed motion to stay this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005) (ECF No. 28) is GRANTED.
4. The Clerk of Court is directed to administratively close this case.
5. Respondent's motion to dismiss (ECF No. 14) is DENIED without prejudice as moot.
6. Petitioner is directed to file a status report with the court every 6 months indicating what efforts she has taken to properly exhaust her claims in state court.
7. Upon the completion of state habeas review, petitioner is directed to file a motion to lift the stay within 30 days from the date of any decision by the California Supreme Court.
8. Petitioner's failure to file the status reports or to properly exhaust her state court remedies may result in a sua sponte order lifting the stay of this case.

Dated: August 6, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, brad1093.rhines

2